MR. JUSTICE KELLEY
delivered the opinion of the Court.
This is an original proceeding brought pursuant to C.A.R. 21 to prohibit the respondent court from enforcing its order denying the petitioner’s motion to amend his complaint to add three more defendants. We issued a rule to show cause and now make the rule absolute.
The petitioner filed suit in the Larimer County District Court in July, 1975, against Viking Cabinets, Inc., a Colorado corporation, to recover wages plus interest and penalties. Section 8-4-101, et. seq., C.R.S. 1973. The petitioner utilized various discovery procedures until the corporate defendant filed a petition in bankruptcy in the federal district court on January 20, 1976. The petitioner ceased prosecution of the original action by virtue of an automatic stay under Bankruptcy Rule 41. The bankruptcy court granted the petitioner relief from the stay on July 23, 1976. The petitioner then filed a motion before the respondent court to amend his complaint under C.R.C.P. 15, 19, 20 and 21 to join three additional parties as defendants. These prospective defendants were the officers and directors of the defendant corporation when the petitioner filed his original action in July of 1975.
The petitioner argued in his motion to amend that section 8-4-101(6), C.R.S. 1973,[1] made corporate officers and directors, as well as the corporation itself, liable for wages due employees. The respondent court denied the motion, holding that the statutory definition of “employer” meant that the corporation was bound by the acts of its directors and officers, which therefore absolved the directors and officers from any personal liability.
*26 The petitioner then filed this proceeding, contending that the respondent court’s order was an abuse of discretion and that the respondent determined a substantive issue of the litigation which affected parties over whom the respondent had no personal jurisdiction. We issued a rule to show cause why the respondent should not grant the petitioner’s motion to amend.
The respondent argues that because section 8-4-104, C.R.S. 1973, provides for a penalty against the employer, section 8-4-101, et seq., must be strictly construed. Such a construction would protect the officers and directors from personal liability by use of the corporate shield.
The petitioner contends, however, that the statute is remedial and should be broadly construed to effectuate its legislative purpose. The petitioner argues that the respondent court’s reading of section 8-4-101(6), C.R.S. 1973, is contrary to accepted norms of statutory interpretation and results in an abuse of discretion at variance with the mandated liberal construction of the Colorado Rules of Civil Procedure.
Although we agree with the petitioner that a liberal construction of the rules of civil procedure requires the respondent court to allow the amendment of the complaint under the present facts, we do not find it necessary to interpret either section 8-4-101 (6) or section 8-4-104, C.R.S. 1973. Rather, the respondent court’s denial of the motion to amend constitutes an abuse of discretion when examined within the procedural posture.
C.R.C.P. 15(a) provides that a motion to amend a complaint by leave of court “shall be freely given where justice so provides.” Section 8-4-101, C.R.S. 1973, is at least susceptible to the interpretation given it by the petitioner. Consequently, the petitioner had a right to have the substantive issue litigated, and the respondent court was without jurisdiction to determine that substantive issue without the necessary parties before it. See C.R.C.P. 19(a).
Accordingly the respondent is directed to grant the petitioner’s motion to amend.
The rule is made absolute.
MR. CHIEF JUSTICE PRINGLE does not participate.

 “‘Employer’ means every person, firm, partnership, association, corporation, migratory field labor contractor or crew leader, receiver, or other officer of court in Colorado, and any agent or officer thereof, of the above mentioned classes, employing any person in Colorado, except that the provisions of this article shall not apply to counties, cities and counties, municipal corporations, quasi-municipal corporations, school districts, and irrigation, reservoir, or drainage conservation companies or districts organized and existing under the laws of Colorado.”